CULPEPPER, Judge
(concurring in part and dissenting in part).
I concur in the majority decision except that part which awards attorney’s fees to the defendant landowner under the provisions of LSA-R.S. 48:453, E. This new provision of our law, added by Act. No. 30 of the extra session of 1974, provides that “[reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment.” (Emphasis added). The use by the legislature of the word “may” leaves discretion to the district court as to whether attorney’s fees should be awarded.
The reason given by the majority for awarding attorney’s fees is that in computing the amount to be deposited the State appraisers used the “average value method” to determine the value of the property taken, rather than the “front-land rear-land method”. The majority apparently takes the view that this requires a reversal of the district judge as to attorney’s fees.
Before the trial, the State appraisers corrected their estimate, using the front-land rear-land method and this was stipulated to be correct and agreed to by the parties. Actually, only .546 acres of land was taken and in their initial appraisals, using the “averages of the whole” method, the State’s appraisers found the land taken to have a value of about $2,000. When they changed to the front-land rear-land method, their appraisals of the land taken increased to about $4,900. This difference of only about $2,900 was not a serious issue and may not have been the reason the defendant contested the amount to be awarded.
The principal issue in the case is severance damages. The State deposited $3,800. This was very seriously contested and the trial judge finally awarded $9,473. The severance damages consisted principally of the devaluation of the residence by virtue of being left only 10 feet from the new right of way line. This was a close issue.
The trial judge obviously thought that under all of the circumstances the State was not arbitrary or capricious as to the amount of its deposit. The statute clearly gives to the trial judge the discretion to decide whether attorney’s fees are .awarded in these cases. I do not think the trial judge abused his discretion in this case.